## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| **RONALD ADAMS,** ) | |
|   **3876 Northgate Place** ) | |
|   **Waldorf, MD 20602** ) | |
| ) | |
|        **Plaintiff,** ) | |
| ) | |
|   **v.** ) | |
| ) **Civil Action No._____** | |
| **RAND CONSTRUCTION CORPORATION** ) | |
|   **1029 North Royal Street** ) | |
|   **Alexandria Virginia 22314** ) | |
| ) | |
|        **Defendant.** ) | |
| ) | |
| **Serve Registered Agent:** ) | |
|   **Corporation Service Company** ) | |
|   **1090 Vermont Avenue, NW** ) | |
|   **Washington, DC 20005** ) | |

_____ )

## COMPLAINT
### (Employment discrimination)

Plaintiff Ronald Adams, for his Complaint against the Defendant, Rand Construction Corporation, hereby states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages and equitable relief for race discrimination by the Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. (hereafter "Title VII"); 42 U.S.C. §§ 1981 and 1988; and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01, et seq. (hereafter "D.C.H.R.A."). This Court has jurisdiction under section 706(f)(3) of Title VII (42 U.S.C. § 2000e-5(f)(3)), 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental). Venue lies in this judicial district pursuant to 28 U.S.C. §§1391(a)(1), (a)(2).

2.    Mr. Adams filed a timely charge with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 14, 2006, alleging race discrimination by Rand Construction Corporation ("Rand") in connection with the termination of his employment as a laborer employed by Rand on a construction project at 1627 K Street, NW, Washington DC.  Upon information and belief, and pursuant to a "work-sharing agreement," Mr. Adams believes that the EEOC filed Mr. Adams' charge with the District of Columbia's Office of Human Rights, and that the OHR agreed to defer its investigation of the charge, pending investigation by the EEOC.  Thereafter, EEOC investigated Mr. Adams' Charge of Discrimination. On July 19, 2007, the EEOC issued a Notice of Right to Sue to Mr. Adams.

Thereafter, pursuant to D.C. Code § 2-1403.16 (a)(2007), Mr. Adams, by counsel, notified the Office of Human Rights that he was withdrawing his claim from further investigation by the agency and that he would pursue his claim against the Defendant under the D.C. Human Rights Act in this Court.

## PARTIES

3.    The Plaintiff, Ronald Adams resides at 3876 Northgate Place, Waldorf, MD, 20602.

4.    Defendant, Rand Construction Corporation ("Rand"), is a general contractor in the construction business with offices located at 1029 North Royal Street, Alexandria, VA, 22314.  At all times relevant to this complaint, Rand did and still does business in the District of Columbia.

## FACTUAL ALLEGATIONS

5.    Mr. Adams is an African-American and has worked as a Laborer since 1964.  He is and has been for many years a member of Laborers' Local Union 657 or its predecessor.  He

has been a Business Agent, Secretary/Treasurer, and Shop Steward of his Local.  Mr. Adams had not been terminated for any reason, other than lack of work, by any employer, until he was terminated by Rand.

6.    Mr. Adams began working for Rand on approximately March 1, 2006.  From March until May, Mr. Adams worked without incident for Rand on the construction project at 1627 K Street, NW, Washington DC, under the supervision of Mr. Mark Maple, Rand's General Superintendent, Mr. Mike Meek, Rand's Superintendent.  Sometime in May 2006, Rand assigned a new Manager, Mr. Ron Thorpe, to assist Mr. Meek in supervising the project.

7.    Mr. Thorpe was rude and abusive to African-American and Hispanic employees, including Mr. Adams, and he treated them differently than white employees.

8.    On May 23, 2006, Mr. Thorpe started an argument with Mr. Adams over a continuing, daily assigned duty that Mr. Adams had been performing without incident for three months.  During this argument, Mr. Thorpe threatened Mr. Adams saying, "I can fire your nigger ass."

9.    Soon after the argument ended, Mr. Thorpe was on an elevator with a pipe fitter, Jason Moore, and said to Mr. Moore, "He thinks he can do whatever he wants" referring to Mr. Adams, and "I'm going to get rid of that nigger."

10.   Later that day, Mr. Thorpe and Rand fired Mr. Adams.

11.   At no time prior to his termination had Mr. Adams' been disciplined for poor performance while working at Rand.

12.  As a consequence of the foregoing actions, Mr. Adams has suffered severe and ongoing humiliation, embarrassment and indignity with his fellow Laborers' union members and officials.

13.  As a consequence of Mr. Thorpe's and Rand's termination of Mr. Adams' employment, Mr. Adams was unemployed from May 23, 2006 until July 24, 2006 and during that period was unable to find other employment as a union laborer, despite diligent efforts to find other employment.  On July 24, 2006, Mr. Adams did find a new position as a union Laborer with Cherry Hill Construction in Maryland, but he was earning about $3.00 less per hour, due to the difference between union wages in Maryland and the District of Columbia.

14.  In addition to his humiliation before his fellow union members and officers visited on Mr. Adams by the actions of Mr. Thorpe and the Defendant, Mr. Adams also suffered additional humiliation in the eyes of his wife, children, family and friends.

15.   As a consequence of the foregoing, Mr. Adams has suffered financial difficulties, mental distress and anxiety.

## COUNT I
### (Race discrimination in violation of Title VII)

16.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 as if set forth fully herein.

17.  The Defendant terminated the employment of the Plaintiff because of his race, African-American in violation of Title VII of the Civil Rights Act of 1964, as amended.

18.  In taking the foregoing action, the Defendant acted with racial animus and materially and adversely altered the terms, conditions, and privileges of Plaintiff's employment and caused Plaintiff lost wages and benefits, and damaged Plaintiff's reputation and standing with prospective employers, and his fellow union members and officers.

19.  The action taken by the Defendant against the Plaintiff was carried out with racial animus, knowledge that it was in violation of the law and with a malicious intent to injure the Plaintiff.

20.  The Defendant's violation of Title VII caused the Plaintiff to sustain financial damages in lost salary and future earnings, and other reasonably foreseeable consequential damages incurred as a natural and proximate result of the Defendant's termination of Plaintiff's employment.

21.  As a consequence of the action of the Defendant, the Plaintiff has suffered severe mental distress.

## COUNT II

### (Race discrimination in violation of the District of Columbia Human Rights Act)

22.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 as if set forth fully herein.

23.  The Defendant terminated the employment of the Plaintiff wholly or partially because of his race, African-American, in violation of the District of Columbia Human Rights Act.

24.  In taking the foregoing action, Defendant acted with racial animus and materially and adversely altered the terms, conditions, and privileges of Plaintiff's employment and caused Plaintiff lost wages and benefits, and damaged Plaintiff's reputation and standing with prospective employers, and his fellow union members and officers.

25.  The Defendant's violation of the DCHRA caused the Plaintiff to sustain financial damages in lost salary and future earnings, and other reasonably foreseeable consequential

damages incurred as a natural and proximate result of the Defendant's termination of Plaintiff's employment.

26.  The Defendants' violation of the DCHRA caused plaintiff to suffer non-pecuniary injuries including emotional pain, embarrassment, humiliation, mental anguish, loss of reputation, and loss of enjoyment of life.

27.  The Defendant's act of discharging Plaintiff was the result of racial animus, egregious and taken in conscious disregard of or with deliberate indifference to Plaintiff's rights under the DCHRA, outrageously, wantonly, and oppressively; and with legal and actual malice.

## COUNT III

### (Race Discrimination in Violation of 42 U.S.C. § 1981)

28.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1through 27 as if set forth fully herein.

29.  The Defendant terminated the employment of the Plaintiff because of his race, African-American, in violation of 42 U.S.C. § 1981. In taking the foregoing action, Defendant materially and adversely violated Plaintiff's right to make and enforce contracts in the same manner as is enjoyed by white citizens and caused Plaintiff lost wages and benefits, and damaged Plaintiff's reputation and standing with prospective employers, and his fellow union members and officers.

30.  The Defendant's termination of Plaintiff's employment was carried out with racial animus, knowledge that it was in violation of the law and with a malicious intent to injure the Plaintiff.

31.  The Defendant's violation of 42 U.S.C. § 1981 caused the Plaintiff to sustain financial damages in lost salary and future earnings, and other reasonably foreseeable consequential damages incurred as a natural and proximate result of the Defendant's termination of Plaintiff's employment.

32.  As a consequence of Defendant's termination of Plaintiff's employment, the Plaintiff has suffered severe mental distress.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants, declaring that the Defendants have violated his rights under Title VII, 42 U.S.C. §§ 1981 and the D.C. Human Rights Act, and awarding him back pay, compensatory and punitive damages, and attorneys fees and costs, and such other and further relief as the Court may deem appropriate.

Dated:  October 16, 2007

Respectfully submitted,

___/s/ DANIEL S. KOZMA_____
Daniel S. Kozma, Esq., D.C. Bar no. 940874
Suite 245
2120 L Street, N.W.
Washington, D.C. 20037
DKOZLAW@AOL.COM
202-969-2223

Counsel for the Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

_____/s/ DANIEL S. KOZMA_____
        Daniel S. Kozma

## DISMISSAL AND NOTICE OF RIGHTS

| To: Ronald L. Adams<br>3876 Northgate Place<br>Waldorf, MD 20602 | From: Pittsburgh Area Office<br>1001 Liberty Avenue<br>Suite 300<br>Pittsburgh, PA 15222 |
| --- | --- |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 570-2006-01352 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>**WITHIN 90 DAYS**</u> of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Joseph M. Hardiman* (signature)                    07/19/07

Enclosure(s)                              Joseph M. Hardiman, III          (Date Mailed)
                                         Area Director

cc:  Rand Construction                   Area Director

07 1874

# FILED

OCT 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## I. (a) PLAINTIFFS

Ronald Adams

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    86888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

## DEFENDANTS

Rand Construction Corporation
Serve: Corporation Service Company

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**    _____
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
The Law Office of Daniel S. Kozma — Daniel S. Kozma
2120 L Street, NW Washington D.C. 20037
Suite 245 — 202.989.2223

Case: 1:07-cv-01874
Assigned To : Lamberth, Royce C.
Assign. Date : 10/17/2007
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION

**(PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
Ⓧ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZE...

FOR PLAINTIFF AND ONE BOX FOR DEFEND...

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | Ⓧ 2 | Ⓧ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| □ G. *Habeas Corpus/* 2255 | ☑ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | ☑ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

| ☑1 Original<br>Proceeding | □ 2 Removed<br>from State<br>Court | □ 3 Remanded from<br>Appellate Court | □ 4 Reinstated<br>or Reopened | □ 5 Transferred from<br>another district<br>(specify) | □ Multi district<br>Litigation | □ 7 Appeal to<br>District Judge<br>from Mag.<br>Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

*42 U.S.C. 2000*

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS    □   ACTION UNDER F.R.C.P. 23     **DEMAND $**    Check YES only if demanded in complaint   **JURY DEMAND:**   ☑ YES    □ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES   □ NO    If yes, please complete related case form.

DATE *10/17/2007*    SIGNATURE OF ATTORNEY OF RECORD    *Don Kozna /NW.*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select one corresponding nature of suit found under the category of case.

   VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.